John B. Sganga (State Bar No. 116,211)
john.sganga@kmob.com
Theodore G. Papagiannis (State Bar No. 238,490)
theodore.papagiannis@kmob.com
Timothy J. Goodson (State Bar No. 244,649)
timothy.goodson@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff,
Prince Lionheart, Inc.

Aaron T. Borrowman  (State Bar No. 201,920)
aaron@klkpatentlaw.com
KELLY LOWRY AND KELLEY
6320 Canoga Ave., Suite 1650
Woodland Hills, CA  91367
Telephone:  (818) 347-7900
Facsimile:  (818) 340-2859

Kaustuv M. Das (Pro Hac Vice)
kdas@merchantgould.com
MERCHANT & GOULD, P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 348-6261
Facsimile:  (206) 348-6201

Attorneys for Defendant,
Sunshine Kids Juvenile Products, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PRINCE LIONHEART, INC., a California corporation | ) Civil Action No. ) CV 06-1543 VBF (PJWx) |
| Plaintiff, | ) ) **STIPULATED FINAL** |
| v. | ) **CONSENT JUDGMENT AND** ) **PERMANENT INJUNCTION** ) |
| SUNSHINE KIDS JUVENILE PRODUCTS, LLC, a Washington Limited liability company, and DOES 1 through 10, inclusive | ) ) ) ) ) ) |
| Defendant. | ) Honorable Valerie Baker Fairbank ) |

Plaintiff Prince Lionheart, Inc ("Prince Lionheart") and Defendant Sunshine Kids Juvenile Products, LLC ("Sunshine Kids") hereby jointly stipulate and consent to this Stipulated Final Consent Judgment and Permanent Injunction.

Based on the stipulation and consent of the parties, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1.      This is an action for patent infringement brought by Prince Lionheart against Sunshine Kids.  In this action, Prince Lionheart alleges that Sunshine Kids has infringed U.S. Patent No. 6,786,546 ("the '546 patent") and has committed unfair competition through its use of Prince Lionheart's 2 STAGE trademark ("the 2 STAGE mark") by producing and marketing protective car seat covers under the name "Ultra-Mat Ultimate 2-Stage Undermat."

2.      This Court has jurisdiction over the parties and the subject matter of this action.  Venue in this action is proper in this Court.

3.      The parties have entered into a Settlement Agreement that fully disposes of this action.  A copy of that Settlement Agreement is attached hereto as Exhibit 1 and is incorporated by reference in its entirety into this Final Consent Judgment.

4.      This action is hereby dismissed in its entirety with prejudice.

5.      Sunshine Kids did not sustain its burden of proving the invalidity of any claim of the '546 patent.

6.      Effective on February 1, 2009, Sunshine Kids, together with its officers, agents, servants, employees, affiliates, attorneys, and all those in active concert or participation with them who receive actual notice of this Permanent Injunction ("the Enjoined Parties"), are hereby enjoined from making, using, selling, offering for sale, advertising, marketing, distributing or importing into the United States any seat cover that falls within the scope of any claim of the

1  '546 patent or U.S. Patent No. 7,422,278 ("the '278 patent"), including, but not
2  limited to, seat covers in which the upper and lower sections are not
3  permanently attached to each other.  The Enjoined Parties are further enjoined
4  from inducing others to take any of these actions.

5         7.    The injunction of Paragraph 6 shall remain in full force and effect
6  as to the '546 patent until the '546 patent has expired and as to the '278 patent
7  until the '278 patents has expired.

8         8.    Effectively immediately, the Enjoined Parties are further enjoined
9  from:

10        (a) manufacturing, making, using, displaying, selling, offering for sale,
11  promoting, advertising, marketing, or distributing any seat cover
12  that uses the 2 STAGE mark or any mark that is confusingly
13  similar to the 2 STAGE mark;

14        (b) stating or representing that any of the products they manufacture,
15  sell or distribute are made by, authorized by, or otherwise affiliated
16  with Prince Lionheart; or

17        (c) inducing or assisting any other person or entity to take any of the
18  actions referred to in paragraphs (a) – (b) above.

19         9.    Each party shall bear its own costs and attorneys' fees.

20        10.    The parties affirmatively waive any and all rights to appeal this
21  Stipulated Final Consent Judgment and Permanent Injunction.

22        11.    This Court shall retain jurisdiction over this matter for the purpose
23  of making any further order necessary or desirable to effectuate the terms of this
24  Stipulated Final Consent Judgment and Permanent Injunction and to ensure full

25  \ \ \
26  \ \ \
27  \ \ \
28  \ \ \

1  and complete compliance therewith.

2          IT IS SO ORDERED.

3

4

5  Dated:   11-20-08

_____
6          The Honorable Valerie Baker Fairbank
           United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California. On November 18, 2008, I served the within **[PROPOSED] FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION** on the parties or their counsel shown below, by placing it in a sealed envelope addressed as follows:

**VIA E-MAIL AND
FIRST CLASS MAIL**:

David L. Garrison
GARRISON AND ASSOCIATES
2001 Sixth Avenue
Suite 3300
Seattle, WA  98211-2522
Telephone: (206) 441-3440
Facsimile:  (206) 441-7362
Email:  dlg@skaya.com

Aaron T. Borrowman, Esq.
KELLY LOWRY AND KELLEY
6320 Canoga Ave., Suite 1650
Woodland Hills, CA  91367
Telephone:  (818) 347-7900
Facsimile:  (818) 340-2859
Email:  aaron@klkpatentlaw.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 18, 2008 at Irvine, California.

Michael Lee

6366711

-4-

**EXHIBIT 1**

**SETTLEMENT AGREEMENT**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Prince Lionheart, Inc. ("Prince Lionheart") and Sunshine Kids Juvenile Products, LLC ("Sunshine Kids"). This Agreement is effective immediately upon execution by all parties ("the Effective Date").

## RECITALS

WHEREAS, Prince Lionheart is the assignee of U.S. Patent No. 6,786,546 to McConnell et al., entitled "Two-Stage Protective Car Seat Cover for Child and Infant Safety Chairs," issued September 7, 2004 ("the '546 patent");

WHEREAS, Prince Lionheart is the assignee of U.S. Patent No. 7,422,278 to McConnell et al., entitled "Two-Stage Protective Car Seat Cover for Child and Infant Safety Chairs," issued September 9, 2008 ("the '278 patent");

WHEREAS, Prince Lionheart has developed strong common law rights in the trademark 2 STAGE used in connection with seat covers ("the 2 STAGE mark");

WHEREAS, Prince Lionheart is the owner of trademark rights in the mark 2 STAGE, and owns U.S. Trademark Registration No. 3,208,189 for the mark 2 STAGE in International Class 12;

WHEREAS, Prince Lionheart filed a lawsuit on March 13, 2006, in the United States District Court for the Central District of California accusing Sunshine Kids of infringing the '546 patent and committing unfair competition through Sunshine Kids' use of the 2 STAGE mark, which lawsuit was assigned to Judge Valerie Baker Fairbank as Civil Action No. CV 06-1543 BF (PJWx) ("the Lawsuit");

WHEREAS, on June 11, 2007, Sunshine Kids filed a request for an *inter partes* reexamination of the '546 patent ("the Reexamination") in the U.S. Patent and Trademark Office ("Patent Office"), which request was subsequently granted by the Patent Office;

/ / /

/ / /

WHEREAS, the parties now desire to settle their dispute without further expense and inconvenience, and to avoid future disputes regarding the '546 patent and the '278 patent;

NOW, THEREFORE, in consideration of the agreements and mutual covenants set forth herein, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

### AGREEMENT

1.    <u>Termination of Lawsuit</u>. Within five (5) business days following the Effective Date of the Agreement, the parties will cause their attorneys to file the "[Proposed] Stipulated Final Consent Judgment and Permanent Injunction" attached hereto as Exhibit A, to effect a dismissal of the Lawsuit with prejudice, with each party to bear its own costs and fees. In the event the Court does not enter judgment in the form attached as Exhibit A, the parties will cooperate to obtain entry of a Judgment with similar terms and provisions.

2.    <u>Termination of Reexamination</u>. Within five (5) business days following the Court's entry of a Final Consent Judgment and Permanent Injunction, the parties will cause their attorneys to execute and file in the Patent Office the "Joint Request for Termination of Reexamination Proceedings," in the form attached hereto as Exhibit B, to effectuate the termination of the Reexamination. Sunshine Kids agrees to cooperate further as may be necessary to effectuate the termination of the Reexamination. Regardless of the Patent Office's decision whether to terminate the Reexamination, Sunshine Kids agrees that it will not further prosecute the Reexamination and that it will not initiate, directly or indirectly, any other reexamination requests challenging the '546 or the '278 patents, or any patent that issued or that issues from an application that claims priority to the applications that issued as the '546 and/or the '278 patents as a continuation, continuation-in-part, divisional, reissue, reexamination, or foreign counterpart ("Related Patents"), at any time in the future.

3.    <u>Covenant Not to Sue for Permitted Product</u>. Prince Lionheart agrees that it will not take legal action against Sunshine Kids anywhere in the world under the '546 or the '278 patents, or any Related Patents, as a result of Sunshine Kids manufacturing, using, selling, offering for sale, or importing a one-piece car seat cover or car seat covers that do not fall within the scope of any claim of the '546 patent, the '278 patent, or any Related Patent (hereafter the "Permitted

Product"). By way of example, but not as a limitation, Exhibit C shows a one-piece car seat cover.

4. _Phase-Out of Accused Product._ Sunshine Kids agrees not to sell, manufacture, or have manufactured on its behalf, anywhere in the world, any multi-piece car seat covers that fall within the scope of any claim of the '546 patent, the '278 patent, or any Related Patent, on or after the Effective Date, except as permitted during the phase-out period set forth in this paragraph. Until February 1, 2009, Sunshine Kids will be permitted to sell multi-piece car seat covers that do not include separate upper and lower portions that are attachable to and/or detachable from one another. By way of example, but not as a limitation, Exhibit D shows a multi-piece car seat cover that Sunshine Kids will be permitted to sell until February 1, 2009. Prince Lionheart will not assert any claims against any person or entity for sales of products originally purchased from Sunshine Kids before February 1, 2009, in accordance with this paragraph. However, Sunshine Kids shall not be permitted to sell, even during the phase-out period, any car seat covers that include separate upper and lower portions that are attachable and/or detachable from each other (e.g., using hook and loop strips, button(s), zipper(s), other connection devices or methods). After February 1, 2009, Sunshine Kids will discontinue all worldwide sales of any multi-piece car seat covers of the type permitted during the phase-out period and which fall within the scope of the '546 patent, the '278 patent, or any Related Patent, including those shown in Exhibit D.

5. _Agreement Not to Challenge Patents._ Sunshine Kids covenants and agrees that it will not directly or indirectly challenge or cause or assist others in challenging, in any court, patent office, agency or other tribunal anywhere in the world, the validity or enforceability of the '546 patent, the '278 patent, or any Related Patent.

6. _Agreement Not to Use Trademark._ Sunshine Kids covenants and agrees that it will not, anywhere in the world, manufacture, make, use, display, sell, offer for sale, promote, advertise, market, or distribute, or assist or authorize any others to manufacture, make, use, display, sell, offer for sale, promote, advertise, market, or distribute, any seat cover that uses the 2 STAGE, 2-STAGE, TWO STAGE, or TWO-STAGE marks.

7. _Agreement Not to Challenge Trademarks._ Sunshine Kids covenants and agrees that it will not directly or indirectly challenge or cause or assist others in challenging, in any court,

trademark office, agency or other tribunal anywhere in the world, the validity or enforceability of the 2 STAGE mark.

8.    <u>Release by Prince Lionheart</u>.  Effective upon entry by the Court of the Stipulated Final Consent Judgment and Permanent Injunction, Prince Lionheart hereby generally and specifically discharges Sunshine Kids and its predecessors, successors, divisions, parents, subsidiaries and each of their shareholders, assigns, agents, directors, officers, employees, representatives, attorneys, and all persons acting by, through, under, or in concert with any of them, from any and all claims, liabilities, actions, causes of action, obligations, costs, damages, attorneys' fees, losses, and demands that may exist anywhere in the world as of the Effective Date, whether direct or indirect, known or unknown, asserted or unasserted, relating to the Lawsuit, including any issues that were or could have been raised in the Lawsuit.  By way of clarification, but not as a limitation, this release covers all claims, liabilities, actions, causes of action, obligations, costs, damages, attorneys' fees, losses and demands relating to the '546 patent, the '278 patent, the 2 STAGE mark, and any Related Patent.

9.    <u>Release by Sunshine Kids</u>.  Effective upon Effective upon entry by the Court of the Stipulated Final Consent Judgment and Permanent Injunction, Sunshine Kids hereby generally and specifically discharges Prince Lionheart, as well as its predecessors, successors, divisions, parents, subsidiaries and each of their shareholders, assigns, agents, directors, officers, employees, representatives, attorneys, and all persons acting by, through, under, or in concert with any of them, from any and all claims, liabilities, actions, causes of action, obligations, costs, damages, attorneys' fees, losses, and demands that may exist anywhere in the world as of the Effective Date, whether direct or indirect, known or unknown, asserted or unasserted, relating to the Lawsuit, including any issues that were or could have been raised in the Lawsuit.

/ / /

/ / /

/ / /

/ / /

10.   <u>Waiver of Section 1542</u>.   The parties have been informed of and acknowledge that they understand the provisions of Section 1542 of the Civil Code of the State of California, which provides as follows:

> "A general release does not extend to claims the creditor does not
> know or suspect to exist in his favor at the time of executing a
> release, which if known by him must have materially affected his
> settlement with the debtor."

Each of the parties acknowledges that it waives and relinquishes all rights and benefits which it has or may have under Section 1542 of the Civil Code of the State of California, or the law of any other state or jurisdiction to the same or similar effect, to the full extent that it may lawfully waive all such rights and benefits pertaining to the subject matter of this Agreement.

11.   <u>Further Assurances</u>.   Each party agrees to take, or cause to be taken, such further actions, and to execute, deliver, and file, or cause to be executed, delivered, and filed, such further documents and instruments, and to obtain such consents, as may reasonably be required or requested to effectuate fully the purposes, terms, and conditions of this Agreement.   Sunshine Kids specifically agrees to cooperate in any Patent Office filings that may facilitate the dismissal of the Reexamination.

12.   <u>Representations and Warranties</u>.   The parties provide the following representations and warranties:

(a)   Each party represents and warrants that it has received legal advice from attorneys of its choice with respect to the advisability of executing this Agreement.

(b)   This Agreement is intended to be final and binding upon the parties and is further intended to be effective as a full and final accord and satisfaction among the parties regardless of mistake of fact or law or duress.

(c)   Each party represents and warrants that it has not relied on any statement or representation that is not expressly set forth in this Agreement.

(d)   The terms of this Agreement are the result of negotiations by the parties.   Each party represents and warrants that it has cooperated in the drafting and preparation of this Agreement.

(e)   Each party represents and warrants that it has carefully read the terms of this Agreement, that it completely understands such terms and that it has entered into the Agreement knowingly and freely.

13.   Entire Agreement.   This Agreement sets forth the entire understanding between the parties and supersedes all previous understandings, agreements, communications and representations, whether written, oral, or implied, concerning the subject matter to which this Agreement relates.   No amendment or modification of this Agreement will be effective unless reduced to a writing signed by all parties.

14.   Successors.   This Agreement shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors in interest, transferees, licensees and assigns of the respective parties hereto.

15.   Interpretation.   The section headings in this Agreement are for convenience only and shall not constitute a part hereof.

16.   Severability.   If any provision of this Agreement, or any application thereof to any person, place, or circumstance, shall be held by a court of competent jurisdiction to be invalid, unenforceable, or void, the remainder of this Agreement shall remain in full force.

17.   Waiver.   If a party elects not to enforce any rights or elects not to challenge the other party's failure to fulfill any obligation arising under this Agreement, such an election will not act to waive the party's right to enforce that right or challenge the other party's failure to fulfill its obligations in the future.   Nor shall such an election act to waive the party's right to enforce or challenge the other party's failure to fulfill its obligations arising under any other provisions of this Agreement.

18.   Counterparts.   This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same agreement.   Executed counterparts delivered by e-mail or facsimile transmission shall have the same force and effect as counterparts bearing original signatures.

/ / /

/ / /

19.   Warranty of Authority.   Each representative whose signature appears below warrants that he or she is authorized to execute this Agreement on behalf of the represented party and to bind that party to the terms of this Agreement.


PRINCE LIONHEART, INC.

By: _____

Name:  Thomas E. McConnell

Title:  Chairman


SUNSHINE KIDS JUVENILE
PRODUCTS, LLC

By: _____

Name: BRAD KELLER

Title: PRESIDENT


6234296